UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SARAH HAIR,

   Plaintiff,

-VS-                                  CASE NO.:

NORDSTROM, INC.,

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SARAH HAIR, by and through the undersigned counsel, and sues Defendant, NORDSTROM, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Nordstrom, Inc. from invading American citizens' privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their political information (not to mention their advertisements)

1

[*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014."
https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

9. The alleged violations described herein occurred in Davidson County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Davidson County, Tennessee.

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12. Defendant, Nordstrom, Inc., is a corporation which was formed in Washington with its principal place of business located at 1617 6th Ave, Seattle, WA 98101 and which conducts business in the State of Tennessee through its registered agent, Corporate Creations Network Inc., located at 205 Powell Pl, Brentwood, TN 37027.

13. Nordstrom, Inc. called Plaintiff on Plaintiff's cellular telephone approximately one hundred twenty (120) times in an attempt to collect a debt.

3

14. Nordstrom, Inc. intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

15. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line.

16. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (863) XXX-0153, and was the called party and recipient of Defendant's calls.

17. Nordstrom, Inc. placed an exorbitant number of automated calls to Plaintiff's cellular telephone (863) XXX-0153 in an attempt to collect on a credit card debt.

18. The autodialer calls from Nordstrom, Inc. came from telephone numbers including but not limited to (866) 491-7864 and (888) 843-9802, and when this number is called a pre-recorded voice or agent answers and identifies the number as belonging to Nordstrom Credit Services and Nordstrom, respectively.

19. On several occasions over the last four (4) years, Plaintiff instructed Nordstrom, Inc.'s agent(s) to stop calling her cellular telephone.

20. On or about April 21, 2017, Nordstrom, Inc. first contacted Plaintiff in regards to a debt. At the end of one such call, Plaintiff stated, "I don't need these phone calls multiple times per day," and, "it's unnecessary and I will contact you when I am ready." The agent for Nordstrom, Inc. then stated they would notate the file about the complaint.

21. In or around April 2017, shortly after the calls began Plaintiff also informed Nordstrom, Inc. that she wished to revoke consent to be called, by stating during a call initiated by Nordstrom, Inc., "I'll handle this when I can. Stop calling me, thanks."

22. Despite Plaintiff informing Nordstrom, Inc. to stop calling Nordstrom, Inc.'s autodialer calls to Plaintiffs cellular phone continued. Between June 2, 2017 through June 30, 2017 Plaintiff made a non-exclusive log of thirty (30) calls she received from Nordstrom, Inc. Due to the volume and time period over which she received automated calls, Plaintiff was not able to properly catalogue each and every call from Nordstrom, Inc.; however, attached hereto as Exhibit A is a small sampling.

23. Nordstrom, Inc. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

24. Nordstrom, Inc. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Nordstrom, Inc., to remove the number.

25. Nordstrom, Inc.'s corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Nordstrom, Inc. they wish for the calls to stop.

26. Nordstrom, Inc. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

27. Nordstrom, Inc. has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

28. Nordstrom, Inc. has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

29. Nordstrom, Inc.'s corporate policy provided no means for the Plaintiff to have her number removed from the call list.

30. Nordstrom, Inc. has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

31. None of Nordstrom, Inc.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

32. Nordstrom, Inc. willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

33. From each and every call placed without express consent by Nordstrom, Inc. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

34. From each and every call without express consent placed by Nordstrom, Inc. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Nordstrom, Inc.'s call.

35. From each and every call placed without express consent by Nordstrom, Inc. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by Nordstrom, Inc. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Nordstrom, Inc. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

38. Each and every call placed without express consent by Nordstrom, Inc. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

39. Each and every call placed without express consent by Nordstrom, Inc. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

40. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
**(Violation of the TCPA)**

41. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty (40) as if fully set forth herein.

42. Nordstrom, Inc. willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Nordstrom, Inc. that she wished for the calls to stop.

43. Nordstrom, Inc. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Nordstrom, Inc., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Mark Lambert*
Mark Lambert, Esquire
BPR #: 22509
Morgan & Morgan
1 Commerce Square, 26th Floor
Memphis, TN 38103
T: (901) 217-7000
F: (901) 333-1897
MLambert@forthepeople.com
FKerney@forthepeople.com
Attorney for Plaintiff

9

Case 3:17-cv-01194   Document 1   Filed 08/25/17   Page 9 of 9 PageID #: 9